IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                                                NO. CR 04-1313 RB

**JOSE OLIVAS,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Mr. Olivas's) Motion to Modify the Pre-Sentence Investigation (P.S.I.) / Sentence Based on the Recent Supreme Court Decision of U.S. vs. Simmons, (Doc. 371), filed on February 3, 2012. Briefing in complete. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court denies this Motion.

**I.  Background.**

On May 31, 2005, Mr. Olivas pleaded guilty to Count 2 of the Second Superseding Indictment, which charged him with Conspiracy to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846; and Count 9 of the Second Superseding Indictment, which charged him with Use of a Communications Facility to Further the Commission of a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b). Mr. Olivas's offense level was 29, and his criminal history category was III, resulting in a guideline imprisonment range of 108-135 months. However, the conspiracy count imposed a statutory mandatory minimum sentence of 120 months. Thus, the guideline range was 120-135 months. On February 15, 2006, the Court sentenced Mr. Olivas to 120 months incarceration.

On February 3, 2012, Mr. Olivas filed a motion to modify his pre-sentence investigation report and sentence based on *United States v. Simmons*. Mr. Olivas did not provide a citation for the *Simmons* case and he cited no other legal basis for the requested relief. In its response, the Government stated that it attempted to locate the *Simmons* case, but was unable to do so. On April 23, 2012, the Court directed Mr. Olivas to file a document that contained the legal citation for *United States v. Simmons*, or other legal authority in support of his request for relief. Mr. Olivas filed a Clarification of Motion, which contained a citation for *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Additionally, Mr. Olivas asserted that his sentence should be reduced because the decision in *Simmons* would invalidate some of his criminal history points, and thereby reduce his criminal history category. (Doc. 378). The United States filed a response, contending that *Simmons* was not relevant to Mr. Olivas's case. (Doc. 380).

**II.     Discussion.**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010) (quotation omitted). "Section 3582(c)(2) establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o) and made retroactive, pursuant to § 994(u)." *Dillon*, 130 S.Ct. at 2690. Through Section 3582(c)(2), "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.*

18 U.S.C. §3582(c)(2) provides statutory authorization for this Court to reduce a term of

imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2). In *Simmons*, the Fourth Circuit held that the defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was not an offense "punishable by imprisonment for a term exceeding one year," and thus did not qualify as predicate felony conviction for purposes 21 U.S.C. § 841(b)(1)(B)(vii), and the government could not rely on a hypothetical enhancement of the prior state drug conviction to set a maximum term of imprisonment under § 841(b)(1)(B)(vii), where the state sentencing court never made a recidivist or aggravation finding necessary to expose the defendant to a higher sentence. *See United States v. Simmons,* 649 F.3d 237, 250 (4th Cir. 2011). As Mr. Olivas pleaded guilty to 21 U.S.C. §§ 843(b) & 846, rather than 21 U.S.C. § 841(b)(1)(B), *Simmons* is inapplicable.

Additionally, Section 3582(c)(2) is inapplicable. *See* 18 U.S.C. §3582(c)(2). Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) does not authorize this Court to reduce Mr. Olivas's sentence to a term below the statutory mandatory minimum term. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (holding a retroactive amendment to the guidelines cannot reduce a sentence below a statutory minimum term); *United States v. Woods*, 2012 WL 1890104, *3 (10th Cir. 2012). Because Mr. Olivas's sentence was based on the statutory mandatory minimum sentence of 120 months, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as

required by 18 U.S.C. §3582(c)(2). Because no legal basis exists that would allow the Court to modify Mr. Olivas's sentence, the Motion must be denied.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Modify the Pre-Sentence Investigation (P.S.I.) / Sentence Based on the Recent Supreme Court Decision of U.S. vs. Simmons, (Doc. 371), filed on February 3, 2012, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**